UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| FORREST GLENN SHUNN,<br><br>                    Petitioner,<br><br>      v.<br><br>T. DAVIS and S. WESSELER,<br><br>                    Respondents. | Case No. 1:22-cv-00258-REP<br><br>**INITIAL REVIEW ORDER** |

Petitioner Forrest Glenn Shunn has filed a Petition for Writ of Habeas Corpus challenging Petitioner's state court convictions. *See* Dkt. 4. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

**REVIEW OF PETITION**

**1.      Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is

INITIAL REVIEW ORDER - 1

appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[1] *Id.*

## 2.    Discussion

Petitioner pleaded guilty to grand theft, possession of a controlled substance, and burglary In the First Judicial District Court in Kootenai County, Idaho. The judgment of conviction was entered in September 2018. Petitioner pursued a direct appeal as well as state post-conviction relief. *Pet.* at 1–3.

The Court construes the Petition as asserting the following claims.[2] Claim 1(a) appears to assert that the trial court should have granted a mistrial based on false information regarding the date of the judgment. Claim 1(b) alleges that Petitioner's guilty plea was coerced by his defense attorney. In Claim 1(c), Petitioner appears to allege that he is innocent of the crimes for which he was convicted. *Id.* at 6 ("I didn't take tools or commit grand theft ….").

Claim 2 asserts "wrongful use of existing evidence." *Id.* at 7. Petitioner alleges that unidentified officials conspired against him in the use of this evidence.

---

[1] However, a court undertaking a Rule 4 review is not *required* to comb through a petitioner's exhibits or other documents—such as memoranda, affidavits, or the petitioner's state court briefing—to determine whether a petitioner may proceed past initial screening. Nor is a respondent required to consider or address such documents when responding to the petition. This is because, under Habeas Rule 2(c), the petition must "specify all the grounds for relief available to petitioner" and "state the facts supporting each ground." That is, a habeas petitioner must include—in the petition *itself*—"all of the information necessary to adjudicate that Petition." *Sivak v. Christensen*, No. 1:16-CV-00189-BLW, 2018 WL 4643043, at *2 n.3 (D. Idaho Sept. 27, 2018) (unpublished). Therefore, the Court has considered only the Petition itself (Dkt. 4) in its Rule 4 review, not Petitioner's numerous affidavits and letters. *See* Dkt. 14 through 18.

[2] If the Court's construction of any claim is incorrect, Petitioner must inform the Court and Respondent of all corrections within 28 days after entry of this Order. For ease of reference, the Court uses alphanumeric identifiers for Petitioner's sub-claims.

In Claim 3(a), Petitioner alleges that he has had "false cases" added to "old cases." *Id*. at 8. It appears Petitioner is alleging that the prosecutor pursued additional charges of petty theft and then threatened Petitioner with a warrant on those charges unless Petitioner paid a sum of money. This sub-claim might be challenging a restitution order, but that is not entirely clear.

Claim 3(b) alleges that Petitioner "had [his] rape lied about" and that officials did not ensure that a rape kit was performed. *Id*.

Claim 4(a) appears to assert tort claims based on actions (or inaction) of the Ada County Clerk of Court. Petitioner alleges that he sent two filing fees to the Ada County Court but that he received no response. *Id*. at 9.

In Claim 4(b), Petitioner appears to allege that prison officials conducted an inadequate investigation into his rape. *Id*. at 10. This sub-claim appears related to Claim 3(b).

Petitioner may proceed on the Petition to the extent that the claims (1) are cognizable—meaning they actually can be heard—in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or are subject to a legal excuse for any failure to exhaust in a proper manner. At this time, the Court expresses no opinion as to whether any of these issues applies to any of Petitioner's claims.

It is necessary for the Court to review portions of the state court record to resolve preliminary procedural issues, and it would also be helpful to receive briefing from Respondent. Therefore, the Court will order the Clerk to serve a copy of the Petition on

counsel for Respondent, who may respond either by answer or pre-answer motion and who will provide relevant portions of the state court record to this Court.

**3.     Potentially Applicable Standards of Law**

Because Petitioner does not have a lawyer and because the Court finds that focused briefing from the parties would be beneficial in this case, the Court provides the following standards of law that might, or might not, be applicable to Petitioner's case.

   **A.     *Potentially Non-Cognizable Claims***

The Court will not dismiss any claims at this early stage of the proceedings, but it notes that some of Petitioner's claims may be subject to dismissal at a later date as non-cognizable in this habeas corpus case.

As stated earlier, federal habeas corpus relief is available if the petitioner "is in custody in violation of the Constitution or laws or treaties *of the United States*." 28 U.S.C. § 2254(a) (emphasis added). That is, only federal claims may be raised in habeas corpus. "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Petitioner does not expressly cite a federal basis for his habeas claims. Claim 1(b) can be construed as asserting that Petitioner's guilty plea was not knowing, intelligent, and voluntary in violation of the Due Process Clause, and Claim 3(a) can *perhaps* be construed as asserting prosecutorial misconduct. However, Claims 1(a), 2, and 4(a) do not appear to rely on any provision of the federal Constitution or other federal law or treaty. Rather, these claims appear to rely on Idaho state law governing mistrials,

admission of evidence, and torts. Thus, unless Petitioner amends his petition to assert a federal basis for these claims, they may be dismissed at a later date as noncognizable.[3]

Additionally, Claims 3(b) and 4(b) appear to be federal civil rights claims, which generally are not cognizable in federal habeas proceedings. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and "the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement.") (quoting *Preiser*, 411 U.S. at 498-99). Any of Petitioner's claims that do not challenge Petitioner's underlying criminal conviction or sentence "must be brought, if at all," in a civil rights action under 42 U.S.C. § 1983. *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc).

Finally, Claim 1(c) appears to assert a freestanding claim of actual innocence. Such claims are not cognizable on federal habeas review, at least in non-capital cases like this one. *Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence … have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.... This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact."); *see also id.* at

---

[3] If Petitioner chooses to amend his Petition, any such amended petition must contain all of Petitioner's claims, and all facts supporting those claims, and may not rely upon or incorporate other pleadings. An amended petition replaces the initial petition in its entirety. *See* D. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading … must reproduce the entire pleading as amended.").

417 ("We may assume, for the sake of argument in deciding this case, that in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional ...."). However, as explained in more detail below, an assertion of actual innocence can serve as "a gateway through which a habeas petitioner [may] pass to have his otherwise barred constitutional claim considered on the merits." *Herrera*, 506 U.S. at 404.

### B.   *Exhaustion and Procedural Default*

A habeas petitioner must exhaust remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847.

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996). Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the

Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

      If a claim is procedurally defaulted, a federal court can consider the merits of the claim only if the petitioner meets one of two exceptions. A petitioner asserting a procedurally defaulted claim must make either (1) a showing of adequate legal cause for the default and prejudice arising from the default, or (2) a showing that a miscarriage of justice will occur if the claim is not heard in federal court. *See Coleman*, 501 U.S. at 731; *Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

      To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Carrier*, 477 U.S. at 488. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

      Cause for the default may exist as a result of ineffective assistance of counsel ("IAC"). For example, the failure to object to a trial error, or a failure on appeal to raise a meritorious claim of trial error, may render a claim procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) ("[I]n certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice."). However, for ineffective assistance of trial or direct appeal counsel to serve as

cause to excuse the default of a claim, that ineffective assistance claim must itself have been separately presented to the state appellate courts. *Id.* at 451 ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted."). If the ineffective assistance asserted as cause was not fairly presented to the state courts, a petitioner must show that an excuse for that separate default exists, as well.

A petitioner does not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). As a result, the general rule is that any errors of counsel during a post-conviction action cannot serve as a basis for cause to excuse a procedural default. *Coleman*, 501 U.S. at 752.

However, the Supreme Court established an exception to that general rule in *Martinez v. Ryan*, 566 U.S. 1 (2012). *Martinez* held that, in limited circumstances, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. The Supreme Court has described and clarified the *Martinez* cause and prejudice test as consisting of four necessary prongs: (1) the underlying IAC claim must be a "substantial" claim; (2) the "cause" for the procedural default consists of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" collateral review proceeding where the IAC claim could have been brought; and (4) state law requires that an IAC claim be raised in an initial-review collateral proceeding, or by "design and operation"

such claims must be raised that way, rather than on direct appeal. *Trevino v. Thaler*, 569

U.S. 413, 423, 429 (2013).[4]

      If a petitioner cannot show cause and prejudice for his procedural default, he still

can bring the claim in a federal habeas petition if he demonstrates that failure to consider

the claim will result in a "fundamental miscarriage of justice." *Carrier*, 477 U.S. at 496.

This standard requires proof that a constitutional violation has probably resulted in the

conviction of someone who is actually innocent. *Id.* Actual innocence in this context

"means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523

U.S. 614, 623 (1998).

      **C.**    **Timeliness Issues**

          i.    <u>One-Year Limitations Period</u>

      The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a

petitioner to seek federal habeas corpus relief within one year from "the date on which

the judgment became final by the conclusion of direct review or the expiration of the time

for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Timeliness is determined on a

claim-by-claim basis, rather than giving the petition as a whole a single limitations

period. *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012) ("Therefore, we hold that

---

[4] Although *Martinez v. Ryan* can excuse procedural default and permit a petitioner to *raise* an IAC claim in federal habeas, it does not permit factual development outside the state court record to *prove* that IAC claim. Instead, claims that can be raised under *Martinez* remain subject to 28 U.S.C. § 2254(e)(2), which does not permit new evidence in federal habeas proceedings unless (1) petitioner shows actual innocence, and (2) the claim relies either on a new, retroactive rule of constitutional law or on a factual predicate that could not previously have been discovered. *Shinn v. Ramirez*, 142 S. Ct. 1718, 1728 (U.S. May 23, 2022).

AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas application on an individual basis.").

The one-year statute of limitations can be tolled (or paused) under certain circumstances. AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending." 28 U.S.C. § 2244(d)(2).

The statute of limitations can also be equitably tolled under exceptional circumstances. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).

In addition, like procedural default, AEDPA's statute of limitations is subject to an actual innocence exception. A petitioner who satisfies the actual innocence gateway standard may have otherwise time-barred claims heard on the merits. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc).

ii.     Stay-and-Abey Procedures and Relation-Back of Amendments

Petitioner should be aware that failing to raise any unexhausted claims in this action may jeopardize his federal statute of limitations filing date for such claims.

Prior to the enactment of AEDPA, the Supreme Court had held that federal courts could consider a habeas petition only if *all* the claims in that petition were exhausted. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). This doctrine of "total exhaustion" required

that a district court dismiss, without prejudice, any habeas petition that included even one unexhausted claim. *Id.* The appropriate course, if a claim was unexhausted, was to dismiss the petition without prejudice. Then, once the petitioner had exhausted the unexhausted claims in state court, he could return to federal court and file a new habeas petition. Alternatively, the petitioner could choose to "amend[] or resubmit[] the habeas petition to present only exhausted claims to the district court." *Id*. at 510.

The total exhaustion requirement became problematic with the passage of AEDPA, which not only preserved that requirement, but also imposed a one-year statute of limitations for federal habeas petitions. *See* 28 U.S.C. § 2244(d). As the Supreme Court later observed,

> As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy*'s dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review.

*Rhines v. Weber*, 544 U.S. 269, 275 (2005).

To address this problem, the Supreme Court held in *Rhines* that a federal district court has the discretion to stay a mixed habeas petition—a petition containing both exhausted and unexhausted claims—to allow the petitioner to present the unexhausted claims to the state courts and then later return to federal court for review of the perfected petition. *Id*. at 277. Staying a habeas case preserves the original filing date of the claims

asserted in the original petition, for purposes of the one-year federal statute of limitations period.

The Ninth Circuit has since extended the holding in *Rhines*, so that the "stay-and-abeyance procedure is not limited to mixed petitions, and a district court may stay a petition that raises *only* unexhausted claims." *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016). However, a stay is inappropriate if *all* the claims in a petition are exhausted. To warrant a stay, at least one of the pending state court claims must be included in the federal petition—that is, the petition must be either mixed or completely unexhausted.

Moreover, an important consideration for federal habeas petitioners is that statutory tolling of the limitations period is not permitted if the state post-conviction action was not "properly filed." If a petitioner files an untimely state post-conviction action—or one that is procedurally improper for another reason—then that action *cannot* toll the federal limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). Unfortunately, a petitioner usually does not receive a state court order concluding that a post-conviction action is procedurally improper until *after* the federal statute of limitations has expired, causing loss of the claims the petitioner had hoped to exhaust in the state post-conviction matter. Once the federal statute of limitations has expired, it cannot be reinstated or resurrected by a later-filed state court action. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

There is a second important statute-of-limitations consideration for federal habeas petitioners: If a petitioner amends a petition after the federal statute of limitations has run,

the amendments might not receive the benefit of, or "relate back" to, the original

petition's filing date. Amendments relate back to the original petition only if the original

and amended pleadings both arise out of the same "'conduct, transaction, or

occurrence.'" *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (alteration omitted) (quoting Fed.

R. Civ. P. 15(c)(2), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 562–63 (2007). The words "same 'conduct, transaction, or occurrence" do *not* mean

simply "the same 'trial, conviction, or sentence,'" because the standard of Rule 15

amendments is considered in conjunction with the "more demanding" standard of Habeas

Rule 2(c). *Id*. at 655, 664. Rather, relation back is proper only when "the original and

amended petitions state claims that are tied to a common core of operative facts."[5] *Id*.

Courts use a two-step analysis to decide whether, for statute of limitations

purposes, a claim in an amended petition relates back to a claim in the original petition.

First, the district court must "determine what claims the amended petition alleges and

what core facts underlie those claims." *Ross v. Williams*, 950 F.3d 1160, 1167 (9th Cir.

2020). Second, "for each claim in the amended petition," the court must "look to the body

of the original petition and its exhibits to see whether" (a) "the original petition set out or

attempted to set out a corresponding factual episode," or (b) "whether the claim is instead

---

[5] The Supreme Court offered the following examples of cases where this standard was satisfied:
(1) *Mandacina v. United States*, 328 F.3d 995, 1000–1001 (8th Cir. 2003), in which the original petition
alleged violations of *Brady v. Maryland*, 373 U.S. 83 (1963), "while the amended petition alleged the
Government's failure to disclose a particular report," and "[b]oth pleadings related to evidence obtained
at the same time by the same police department"; and (2) *Woodward v. Williams*, 263 F.3d 1135, 1142
(10th Cir. 2001), in which "the original petition challenged the trial court's admission of recanted
statements, while the amended petition challenged the court's refusal to allow the defendant to show that
the statements had been recanted." *Mayle*, 545 U.S. at 664 n.7.

supported by facts that differ in both time and type from those the original pleading set forth." *Id.* (internal quotation marks and alterations omitted).

In addition, an amendment invoking a legal theory not suggested in the original petition relates back to that original petition only if it arises from the same "episode-in-suit." *Mayle*, 545 U.S. at 659–60 (citing *Tiller v. Atl. Coast Line R. Co.*, 323 U.S. 574, 580–81 (1945)). For example, ineffective assistance claims relate back to claims where the underlying substantive error is based on the same set of facts. *See Nguyen v. Curry*, 736 F.3d 1287, 1296–97 (9th Cir. 2013) (determining that a claim that appellate counsel was ineffective for failing to raise double jeopardy issue related back to a timely-raised substantive double jeopardy claim), *abrogated on other grounds by Davila v. Davis*, 137 S. Ct. 2058 (2017).

## REQUEST FOR APPOINTMENT OF COUNSEL

Petitioner has requested appointment of counsel. There is no constitutional right to counsel in a habeas corpus action. *Coleman*, 501 U.S. at 755. A habeas petitioner has a right to counsel, as provided by rule, if an evidentiary hearing is required in the case. *See* Habeas Rule 8(c). In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on the petitioner's ability to articulate the claims in light of the complexity of the legal issues and the petitioner's likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

INITIAL REVIEW ORDER - 14

At this point, the Court concludes that, based on the evidence currently in the record (Dkt. 4), it is unlikely that Petitioner will be able to meet the strict standards of 28 U.S.C. § 2254(d) for issuance of a writ of habeas corpus. Therefore, at this time the Court will deny the request for appointment of counsel. The Court will notify the parties if it determines, at a later date, that appointment of counsel may be appropriate.

## ORDER

**IT IS ORDERED:**

1.      Petitioner's Application for Leave to File Second or Successive Petition (Dkt. 1) is DENIED as unnecessary.

2.      Petitioner's request for appointment of counsel (contained in the Petition) is DENIED without prejudice.

3.      The Clerk of Court will serve (via ECF) a copy of the Petition (Dkt. 4), along with any attachments, together with a copy of this Order, on L. LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.

4.      Within 120 days after service of the Petition, Respondent may file either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer if the motion is unsuccessful); or (2) an answer and brief, on the claims that were adjudicated on the merits by the Idaho Supreme Court, that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the

alternative). The Court may order the parties to brief the merits of claims that may be subject to a procedural bar if the merits analysis is more straightforward than a complicated procedural analysis.

5.      Respondent must file with the responsive pleading or motion, or within a reasonable time thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations—which must be provided to the Court if the petition contains any sentencing claims—must be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

6.      If the response to the habeas petition is an answer, Petitioner must file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which must be filed and served within 28 days after service of the answer and brief. Respondent has the option of filing a sur-reply within 14 days after service of the reply. At that point, the case will be deemed ready for a final decision.

7.      If the response to the habeas petition is a motion, Petitioner's response must be filed and served within 28 days after service of the motion, and Respondent's reply, if any, must be filed and served within 14 days thereafter.

8.      In the response to the habeas petition, whether a pre-answer motion or an answer and brief, Respondent must include citations to all portions of the state court record that support Respondent's assertions. Although Respondent may include citations to a state appellate court decision that describes events that took place in a lower court, Respondent must also include citations to the underlying lower court record.

9.      If any of Petitioner's claims is currently under consideration in state court proceedings, any party may file a motion to stay this case pending the outcome of those proceedings. *See Rhines v. Weber*, 544 U.S. 269, 277–78 (2005); *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016).

10.     No party may file supplemental responses, replies, affidavits, or other documents not expressly authorized by the Local Rules or by this Order without first obtaining leave of Court.

11.     No discovery may be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Habeas Rules.

12.     The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. The Court will notify the parties if additional briefing is required on any issue.

13.     Each party must ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

14.     All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

15.     Petitioner must at all times keep the Court and Respondent advised of any change in address.

16.     If Petitioner's custodian changes at any point during this litigation, Petitioner must file a Notice of Substitution of Respondent, within 28 days

INITIAL REVIEW ORDER - 18

of such change, identifying the person who is substituted as Respondent.

*See* Fed. R. Civ. P. 25(d); Habeas Rule 2(a).

DATED:  September 9, 2022

Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge