UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FORREST GLENN SHUNN,<br><br>                Petitioner,<br><br>v.<br><br>T. DAVIS and S. WESSELER,<br><br>                Respondents. | Case No. 1:22-cv-00258-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is a Petition for Writ of Habeas Corpus, filed by Idaho prisoner Forrest Glenn Shunn, challenging Petitioner's 2017 Kootenai County conviction for grand theft.[1] Dkt. 4. Respondent has filed a Motion for Summary Dismissal, arguing that some of Petitioner's claims are noncognizable in federal habeas and that all of the claims are procedurally defaulted. *See* Dkt. 48. The Motion is now ripe for adjudication.

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. Dkt. 47; *see* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006). Having

---

[1] It initially appeared as though Petitioner was challenging multiple convictions in multiple state court cases. However, Petitioner has now clarified that the Petition challenges only the 2017 conviction for grand theft. *See* Dkt. 52 at 1–2.

MEMORANDUM DECISION AND ORDER - 1

reviewed the record, including the state court record, the Court concludes that oral argument is unnecessary. For the following reasons, the Court will grant Respondent's Motion for Summary Dismissal and dismiss this case with prejudice.

## BACKGROUND

In the First Judicial District Court in Kootenai County, Idaho, Petitioner pleaded guilty to grand theft. *State's Lodging D-1* at 48–50. Petitioner had been on probation for other crimes when he committed the theft. He was sentenced to a unified term of ten years in prison with three years fixed for the grand theft conviction, but the judge suspended the sentenced and placed Petitioner back on probation with an extended term.[2] *Id.* at 56–60; *see also State's Lodging F-5* at 2. Petitioner did not immediately appeal.

Petitioner was later charged with another crime and, as a result of that crime, with a probation violation in the grand theft case. Petitioner pleaded guilty to the new crime as well as the probation violation. The state district court revoked Petitioner's probation and ordered execution of Petitioner's underlying sentence in the grand theft case, as well as in Petitioner's other cases. *State's Lodging D-1* at 77–82; *see also State's Lodging F-5* at 3.

---

[2] In response to the Motion for Summary Dismissal, Petitioner asserts that he was actually sentenced to two years fixed, not three. Dkt. 52 at 2–3. Whether this is true or not, Petitioner has not asserted any habeas claim based on this argument. Therefore, Petitioner's argument is irrelevant to the instant habeas case.

MEMORANDUM DECISION AND ORDER - 2

The state district court later reduced the determinate portion of Petitioner's aggregate sentences sua sponte. The result of this was that the aggregate fixed sentence was reduced from eight years to five. Effectively, after applying credit for time served, Petitioner's fixed portion of the aggregate sentence was reduced "from approximately 5.4 years to 2.6 years, at which time [Petitioner] would be eligible for parole." *State's Lodging F-5* at 4.

Petitioner appealed. His appeal from the grand theft conviction was consolidated with the appeal from probation violation convictions in other cases. *Id*. at 1. The Idaho Court of Appeals affirmed. *Id*. at 10. Petitioner did not file a petition for review in the Idaho Supreme Court. *See State's Lodging F-6* (remittitur from Idaho Court of Appeals).

Petitioner filed a state post-conviction petition, in which he challenged both the grand theft conviction and a separate conviction for possession of a controlled substance. *State's Lodging G-1* at 5. The trial court dismissed the petition on the merits, and the Idaho Court of Appeals affirmed. *State's Lodging G-1* at 138–39; *G-2* at 15–16; *H-4*. The Idaho Supreme Court denied review. *State's Lodging H-7*.

In the instant federal habeas corpus petition, Petitioner asserts the following claims:

    Claim 1(a): Petitioner's due process rights were violated because he pleaded guilty to a grand theft that occurred "on or about November 16, 2016," but the crime actually took place

MEMORANDUM DECISION AND ORDER - 3

                 on December 15 or 16, 2016.[3] *See* Dkt. 27 at 1; Dkt. 52 at 2.[4]

Claim 1(b):   Petitioner's guilty plea was coerced by his defense attorney. Dkt. 19 at 2.

Claim 1(c):   Petitioner is actually innocent. *Id*.

Claim 2:      Officials conspired against Petitioner and wrongfully used evidence against Petitioner. *Id*.

Claim 3(a):   The prosecutor pursued additional charges of petty theft and then threatened Petitioner with a warrant on those charges unless Petitioner paid a sum of money. This sub-claim may be asserting prosecutorial misconduct or may be challenging a restitution order. *Id*. at 3, 5.

Claim 3(b):   Petitioner "had his rape lied about" and "officials did not ensure that a rape kit was performed." *Id*. (internal quotation marks and alteration omitted).

Claim 4(a):   "[T]ort claims based on actions (or inaction) of the Ada County Clerk of Court. Petitioner alleges that he sent two filing fees to the Ada County Court but that he received no response." *Id*.

Claim 4(b):   Prison officials did not conduct an adequate investigation into Petitioner's rape. *Id*.

The Court previously reviewed the Petition and allowed Petitioner to proceed on his claims to the extent those claims "(1) are cognizable—meaning they actually can be heard—in a federal habeas corpus action, (2) were timely filed

---

[3] Petitioner was aware of this discrepancy with the charging document when he pleaded guilty and told the court, "That is fine." *State's Lodging D-1* at 48.

[4] The Court will grant in part Petitioner's Motion to Correct Complaint on Habeas Corpus, to the extent that Claim 1(a) is construed in this manner, as requested by Petitioner. *See* Dkt. 56.

MEMORANDUM DECISION AND ORDER - 4

in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." Dkt. 19 at 3. The Court also noted that Claims 1(c), 2, 3(a), 3(b), 4(a), and 4(b) appeared to be noncognizable but left that decision for a later day.[5] *Id.* at 4–5.

Respondent agrees with the Court's earlier analysis and argues that those claims are not cognizable. Respondent also argues that all of Petitioner's claims are procedurally defaulted and that no legal excuse for the default exists.

## DISCUSSION

The Rules Governing Section 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see* Fed. R. Evid. 201(b); *Dawson*, 451 F.3d at 551 n.1. Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

---

[5] It initially appeared that Claim 1(a) might have been noncognizable as based on state law, but the Court later construed the claim as asserting a violation of due process. *See* Dkt. 19.

1.   **Claims 1(c), 2, 3(b), 4(a), and 4(b) Are Non-Cognizable on Federal Habeas Corpus Review**

   A.   *Claims 2 and 4(a) Are Noncognizable State Law Claims*

Federal habeas corpus relief is available if the petitioner "is in custody in violation of the Constitution or laws or treaties *of the United States*." 28 U.S.C. § 2254(a) (emphasis added). That is, only federal claims may be raised in habeas corpus. "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Because Claim 3(a) could potentially be construed as asserting a prosecutorial misconduct claim, the Court declines to hold that the claim is based on state law. However, Claims 2 and 4(a) are plainly based on Idaho state law governing torts and admission of evidence. Therefore, they are not noncognizable on federal habeas review and are subject to dismissal.

   B.   *Claims 3(b) and 4(b) Are Noncognizable Civil Rights Claims*

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and "the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement.") (quoting *Preiser*, 411 U.S. at 498-99). Any of Petitioner's claims that do not challenge Petitioner's underlying criminal conviction or sentence "must

be brought, if at all," in a civil rights action under 42 U.S.C. § 1983. *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc).

Claims 3(b) and 4(b) relate to Petitioner's rape in prison. These claims do not challenge the fact or duration of Petitioner's confinement; instead, they challenge the *conditions* of Petitioner's confinement. Therefore, they are noncognizable in habeas corpus and are subject to dismissal.

### C. Claim 1(c) Is a Noncognizable Actual Innocence Claim

Actual innocence is not a freestanding constitutional claim, at least in non-capital cases. *Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence … have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.... This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact."); *see also id*. at 417 ("We may assume, for the sake of argument in deciding this case, that in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional …."). Therefore, Claim 1(c) is noncognizable and subject to dismissal.[6]

---

[6] However, an assertion of actual innocence can serve as "a gateway through which a habeas petitioner [may] pass to have his otherwise barred constitutional claim considered on the merits." *Herrera*, 506 U.S. at 404. The Court addresses this issue more fully below.

MEMORANDUM DECISION AND ORDER - 7

## 2. All of Petitioner's Claims Are Procedurally Defaulted Without Excuse

Respondent argues that Petitioner's claims are procedurally defaulted and that no legal excuse for the default exists. For the reasons that follow, the Court agrees.

### A. *Standards of Law*

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (per curiam). General references in state court to

"broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). For proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161–62. Procedurally defaulted claims include the following: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

### B. *None of Petitioner's Claims Was Fairly Presented to the Idaho Supreme Court*

The most straightforward manner in which to resolve the exhaustion and procedural default status of Petitioner's federal claims is to review which claims were raised and addressed on the merits in the state court appellate proceedings and compare them to the subject matter of the claims in this action.

MEMORANDUM DECISION AND ORDER - 9

In the consolidated appeal from Petitioner's grand theft conviction and probation violations in other cases, Petitioner raised two claims: (1) that the trial court abused its discretion in sentencing; and (2) that the court failed to treat Petitioner's letters to the court as a pro se motion for reduction of sentence under Idaho Criminal Rule 35. *State's Lodging F-2*. These are state law claims. Because Petitioner did not raise any federal claim in this consolidated appeal, the appeal could not have served to fairly present any of Petitioner's instant habeas claims. Moreover, Petitioner did not file a petition for review with the Idaho Supreme Court, which is required for fair presentation in Idaho. *See O'Sullivan*, 526 U.S. at 847.

The only other appeal that involved Petitioner's 2017 grand theft conviction was Petitioner's appeal from the dismissal of his state post-conviction petition. In that appeal, Petitioner raised a single claim—that Petitioner's counsel rendered ineffective assistance in failing to advise Petitioner to file a Rule 35 motion for reduction of sentence. *State's Lodging H-1*. However, Petitioner does not raise that claim in the instant Petition.

Because it is now too late for Petitioner to raise any of his habeas claims in state court, they are all procedurally defaulted. *See Gray*, 518 U.S. at 161–62.

### C. Petitioner Has Not Shown a Legal Excuse for the Default of His Claims

The Court's conclusion that Petitioner's claims are procedurally defaulted does not end the inquiry. A federal district court can hear the merits of a procedurally defaulted claim, but only if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default; or (2) a showing of actual innocence. *Murray v. Carrier*, 477 U.S. 478, 488 (1986), *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

Although Petitioner does not invoke the cause-and-prejudice exception, he does appear to invoke the actual innocence, or miscarriage-of-justice, exception. Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). In asserting actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

A procedurally defaulted claim may be heard under the miscarriage-of-justice exception only if, "in light of all of the evidence, 'it is more likely than not that no reasonable juror would have found [the petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013)

(quoting *Schlup*, 513 U.S. at 327). Stated another way, the petitioner must show that, but for the constitutional error, *every* reasonable juror would vote to acquit.

This is a particularly exacting standard, one that will be satisfied "only in the extraordinary case." *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks omitted). Indeed, cases where the actual innocence gateway standard has been satisfied have "typically involved dramatic new evidence of innocence." *Larsen v. Soto*, 742 F.3d 1083, 1096 (9th Cir. 2013). Such evidence may include new DNA evidence, or "a detailed third-party confession," that "undermine[s] the validity of the prosecution's entire case." *Sistrunk v. Armenakis*, 292 F.3d 669, 677 (9th Cir. 2002); *see House*, 547 U.S. at 540–41. The actual innocence exception is not satisfied by evidence that is merely speculative, collateral, cumulative, or "insufficient to overcome otherwise convincing proof of guilt." *Larsen*, 742 F.3d at 1096.

A court determining whether a petitioner has established actual innocence must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted). An actual innocence analysis "requires a holistic judgment about all the evidence and its likely effect on reasonable jurors applying the reasonable-doubt standard"; in other words, the federal court must "make a probabilistic determination about what reasonable, properly instructed

jurors would do." *House*, 547 U.S. at 538-39 (2006) (internal quotation marks omitted).

In considering the actual innocence exception, a district court has the discretion to assess the reliability and probative force of the petitioner's proffer, including making some credibility determinations, if necessary. *Schlup*, 513 U.S. at 331–332. Although "habeas petitioners who assert convincing actual-innocence claims [need not] prove diligence to cross a federal court's threshold," a court "'may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability of evidence of actual innocence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (statute of limitations context) (quoting *Schlup*, 513 U.S. at 332) (alterations omitted).

Petitioner has not asserted any new, reliable evidence that he is actually innocent. Instead, his argument is based on the same claim he makes in Claim 1(a)—that Petitioner is innocent of the crime to which he pleaded guilty because the crime was charged as having occurred on or about November 2016, but the crime actually occurred in December 2016. However, this is an argument for legal innocence, not *factual* innocence, and thus does not meet the strict threshold required for the miscarriage-of-justice exception. *See Bousley*, 523 U.S. at 623.

In addition, the typographical error in the charging document is not fatal to the conviction. Because time is not an element of the Idaho statute prohibiting

grand theft, any variance between the date in the charging document and the actual date of the crime "is irrelevant so long as the defendant[] [was] afforded adequate notice of the charges against [him]." *United States v. Laykin*, 886 F.2d 1534, 1543 (9th Cir. 1989) (discussing, in a federal criminal case, a variance between the date of conspiracy charged in the indictment and the proof at trial). A charging document need only "sufficiently notify the defendant of the charges against him and enable him to prepare a defense." *Id*. at 1542.

In Petitioner's case, the amended information clearly alleged that Petitioner possessed stolen "work tools and equipment" belonging to one Cody Cragun. *State's Lodging D-1* at 46–47. This sufficiently notified Petitioner of the substance of the crime charged. *See Laykin*, 886 F.2d at 1542 (describing as adequate notice an indictment that was uncertain as to time but alleged clear overt acts in furtherance of the conspiracy).

Petitioner has not shown that he is actually innocent of grand theft so as to permit the Court to reach the merits of Petitioner's claims.

## CONCLUSION

For the reasons explained above, the Court concludes that all of Petitioner's claims are subject to dismissal, either because they are noncognizable or because they are procedurally defaulted without legal excuse.

# ORDER

**IT IS ORDERED:**

1. Petitioner's Motion to Correct Complaint on Habeas Corpus (Dkt. 56) is GRANTED IN PART, to the extend that Claim 1(a) is construed as suggested by Petitioner.

2. Respondent's Motion for Summary Dismissal (Dkt. 48) is GRANTED, and the Petition is DISMISSED with prejudice.

3. All other pending motions (Dkts. 55, 60, 61, 62, 63, and 65) are DENIED AS MOOT.

4. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: June 26, 2023

B. Lynn Winmill
U.S. District Court Judge